UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

**AMA ASANTEWAA**
    Plaintiff,

v.   **COMPLAINT**

**ROBERT WILKIE, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**
    Defendant.

Plaintiff, Ama Asantewaa, by and through her attorney, Marc J. Levy, Esquire, respectfully alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, an employee of the Department of Veterans Affairs brings this action in response to the discriminatory and retaliatory actions taken against her by the Department of Veterans Affairs.

2. Plaintiff brings this action pursuant Title VII of the Civil Rights Acts of 1964 ("Title VII").

## THE PARTIES

3. The plaintiff, Ama Asantewaa ("Plaintiff" or "Asantewaa"), is a resident of Massachusetts who resides at 93 Concord Road, Dracut, Massachusetts. At all times relevant to this charge, Asantewaa was (and still is) an employee of the

Department of Veterans Affairs ("Defendant" or "VA") as that term is defined by Title VII.

4. Defendant VA at all times hereinafter mentioned, was and is an agency within the Federal Government with a facility located at 200 Springs Road, Bedford, Massachusetts.  Robert Wilkie is the current Secretary of the Department of Veterans Affairs.  At all times relevant to this charge, the VA was (and still is) Asantewaa's "employer" as that term is defined by Title VII.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. §§ 1331 & 1343.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

7. The jurisdictional prerequisites of 29 C.F.R. Part 1614 have been satisfied.  Ms. Asantewaa, as required by law, originally filed an ORM/EEO Complaint with the VA's Office of Resolution Management.  That Complainant is identified as Agency No. 200H-0518-2019204501; EEOC No. 520-2020-00462X.

8. Ms. Assantewaa is afforded the right to file a complaint with the United States District Court as there has been no final decision made within 180 days of the filing dates of her ORM/EEO Complaint.  As there has been no final agency decision on Ms. Asantewaa's Complaint and as more than 180 has passed, the instant action is timely.

9. This right to file in the Federal Court was further confirmed by way of a formal dismissal order issued by the EEOC on August 28, 2020 by way of which the

EEOC case was dismissed so that a Federal Court complaint could be filed. A copy of that dismissal is attached hereto and made a part hereof as Exhibit A.

## FACTS

### THE HOSPITAL

10. The Edith Nourse Rogers Memorial Veterans Hospital in Bedford, Massachusetts (the "Hospital") was founded in 1928 chartered by Congress to provide a variety of health services to Veterans.

11. The Hospital currently offers six service lines including: Ambulatory Care, Mental Health, Geriatrics & Extended Care, Geriatrics Research Education & Clinical Center (GRECC), Clinical Support and Administrative Support.

12. The Hospital also offers Community Based Outpatient Clinics (CBOC's) in Lynn, Haverhill, and Gloucester, Massachusetts.

13. The Hospital has 65 Authorized hospital beds, 345 nursing home beds, 40 domiciliary beds, and 52 PRRTP beds.

### THE HOSPITAL'S NURSING LEADERSHIP TEAM

14. Joan Clifford, DNP, RN, is the current Director of the Hospital. She was appointed Director on March 18, 2018. Ms. Clifford is Caucasian.

15. Below the Director in the nursing leadership team is the Associate Director, Patient Care/Nursing Service. Mary Anderson, RN, MSN, is the current Associate Director, Patient Care/Nursing Service. She was appointed Associate Director in November of 2014. Ms. Anderson is Caucasian.

16. Below the Associate Director, Patient Care/Nursing Service, in the nursing leadership team is the Deputy Nurse Executive. Kelley Saindon, RN, is the current Deputy Nurse Executive at the Hospital. She has occupied this position at all times relevant to this matter. Ms. Saindon is Caucasian.

17. Below the Deputy Nurse Executive in the nursing leadership team are the Nurse Managers.

18. By information and belief there are a total of 13 permanent Nurse Managers throughout the Hospital.

19. By information and belief not one of the 13 permanent Nurse Managers[1] at the Hospital is of African descent or identifies as "black". This is true despite a large percentage of the Hospital's workforce, including its nurses, being of African descent and/or identifying as "black".

20. By information and belief not a single individual of African descent or who identifies as "black" has been hired into a permanent Nurse Manager position at the Hospital under the leadership of the current Director, Associate Director and Deputy Nurse Executive.

21. By information and belief, on or about May 30, 2019, the lone permanent Nurse Manager of African descent and/or who identified as "black" was reassigned for non-disciplinary reasons out of her Nurse Manager position back to a Staff Nurse position. This individual had been promoted to a permanent Nurse Manager

---

1 By information and belief and for reasons unknown, on or about September 1, 2020 approximately six individuals were detailed temporarily into various Acting Nurse Manager positions. It is believed that one or two of these now current Acting Nurse Managers may be of African descent and/or identify as "black". Again, these are Acting Nurse Managers on a temporary detail. They are not permanent hires.

position by the prior Director four years earlier and had always maintained "Fully Successful" or better performance appraisals at the time of this non-disciplinary reassignment.

22. By information and belief, personnel decisions such as hirings, terminations and demotions at the Hospital for Nurse Manager positions are made collectively between the Director, the Associate Director and the Deputy Nurse Executive. While the VA contends that the Associate Director is the Hiring Authority for Nurse Manager positions, by information and belief the Deputy Nurse Executive is instrumental in the process and ultimately all decisions must be signed off on by the Director.

### AMA ASANTEWAA

23. The Plaintiff, Ama Asantewaa, is of African descent. She identifies as black.
24. Since 2007 the Plaintiff has held the position of Registered Nurse II on Unit 62CD of the Hospital.
25. Unit 62CD is a mixed inpatient unit serving "Psych", "Dementia" and "Alzheimer" patients.
26. On or about October of 2018 the Plaintiff submitted her name for consideration for the open position of Nurse Manager, Alzheimer, on Unit 62C.
27. Despite being deemed qualified for the position and being referred by Human Resources for an interview, on October 26, 2018 the Plaintiff was informed that she was not selected for the position.
28. Instead the position was offered by Hospital leadership to a Caucasian woman who

did not possess a Bachelor of Science Degree in Nursing (BNS Nursing) and thus, unlike the Plaintiff, did not even meet the minimum education requirement for the position.

29. On or about February 28, 2019 the Plaintiff submitted her name for consideration for the open position of Nurse Manager GPU on Unit 62B.

30. Despite being deemed qualified for the position and being referred by Human Resources for an interview, on May 30, 2019 the Plaintiff was informed that she was not selected for the position.

31. Instead the position was offered by Hospital leadership to a Caucasian woman who did not even initially apply for the job and was not one of the three candidates offered interviews.

32. In offering this Nurse Manager GPU position to an individual who did not initially even apply for the job rather than the Plaintiff, Hospital leadership cited its authority under Title 38 of the United States Code to make a direct selection for any nursing position. In other words, the interview process was unnecessary and in no way binding.

33. On June 5, 2019 the Plaintiff again submitted her name for consideration for the open position of Nurse Manager Long Term Care on Unit 4C.

34. Despite again being deemed qualified for the position and again being referred by Human Resources for an interview, on June 26, 2019 the Plaintiff was again informed that she was not selected for the position.

35. Instead the position was offered by Hospital leadership to another Caucasian woman.

36. In offering this Nurse Manager Long Term Care position to another Caucasian woman rather than the Plaintiff, Hospital leadership this time cited its reliance on the interview scores.

37. Suddenly the interview scores were of paramount importance despite Hospital Leadership's authority under Title 38 of the United States Code to make a direct selection for any nursing position.

38. Ironically, the individual selected for this Nurse Manager Long Term Care Position had also applied for the Nurse Manager GPU position on 62B and performed well below the Plaintiff during that prior interview process.

39. These repeated decisions to pass the Plaintiff over for promotion is the direct result of VA's discriminatory animus toward the Plaintiff based on her race.

40. In all three instances, based on her years of experiences at the agency, education, prior performance, knowledge base, skills, diverse background, the Plaintiff was the superior candidate for the position at issue.

41. These repeated decisions to pass the Plaintiff over for promotion is consistent with a clear pattern of racially discriminatory hiring practices engaged in by the Hospital's leadership team leading to there not being a single permanent Nurse Manager of African descent or who identifies as "black" out of the thirteen permanent Nurse Managers throughout the Hospital.

### RETALIATION

42. After repeatedly being passed over for Nurse Manager positions, the Plaintiff contacted the VA's Office of Resolution Management on July 9, 2019 and

expressed her concern that the decision not to select her was both discriminatory based on her race and retaliatory for prior protected activity[2].

43. As part of the VA's informal dispute resolution process a mediation concerning these allegations was held on September 16, 2019. Present at that mediation on behalf of the VA was Mary Anderson.

44. During that mediation the Plaintiff repeated her belief that Hospital leaderships' decisions not to hire her for a Nurse Manager position was discriminatory and pointed to the lack of black employees in nurse management positions.

45. The Plaintiff also brought to light several specific examples which she believed highlighted the hypocrisy, double standard and ever moving goal posts which exist when it comes to the Hospital's treatment of black employees compared to their white counterparts.

46. Since contacting the VA's Office of Resolution Management on July 9, 2019 and participating in mediation on September 16, 2019, the Plaintiff has been subjected to an ongoing pattern of harassment and retaliation.

47. This harassment and retaliation has ranged from numerous unwarranted and meritless Fact Findings into her clinical practice and interactions with colleagues to most recently being reported to the State Licensing Board for an event which occurred over four years ago.

48. This event from four years ago was thoroughly investigated at the time by Hospital management as well as the VA's Office of Inspector General. Following those

---

[2] Prior to July 9, 2019 the Plaintiff had initiated contact with the VA's Office of Resolution Management on five prior occasions alleging discrimination and harassment based on her race.

inquiries, the Plaintiff was cleared of any and all involvement or wrongdoing and welcomed back to work with a letter of full support from Mary Anderson.

49. Specific examples of this ongoing harassment and retaliation include but are not limited to the following:

> On 09/25/19 - the Plaintiff was called into a Fact Finding regarding a patient seizure event which had occurred on 08/08/19.  No discipline issued.
>
> On 10/25/19 – the Plaintiff was called into another Fact Finding relative to an alleged incident of 10/20/19 involving the Plaintiff's interaction with a coworker. No discipline issued.
>
> On 11/03/19 – the Plaintiff was accused of having time sheets at home.  No discipline issued.
>
> On 12/25/19 – the Plaintiff was questioned relative to her handling of an incident involving a late employee.  No discipline issued.
>
> On 01/31/20 – the Plaintiff was questioned about her notes along with numerous other items.  No discipline issued.
>
> On 02/14/20 – the Plaintiff was called into a Fact Finding relative to an alleged failure to follow instructions relative to the completion of rounds.  No discipline issued.
>
> On 03/01/20 – the Plaintiff's authority as it related to documenting time and attendance of employees of her unit was undermined by management while white employees in her same role did not have management doing the same to them.
>
> On 08/04/20 – the Plaintiff was notified by Joan Clifford that she was considering reporting the Plaintiff to the State Licensing Board relative to an incident that occurred more than four years ago which the Hospital already fully investigated and cleared her to return to full duty with no action taken.  After being told she would have the opportunity to meet with the Director prior to any decision being made, the Plaintiff was told that said meeting was unnecessary because the VA had already reported her.

50. These acts are directly the result of the VA's discriminatory animus toward the Plaintiff based on her race and the product of retaliation for her numerous EEOC

complaints and protected activity.

51. These acts reflect an ongoing effort on the part of the VA to defend its discriminatory treatment of the Plaintiff through false allegations and unjust discipline in an effort to undermine her career, deter her from further EEO filings and retaliate against her for the EEO filings she has undertaken.

### FIRST CLAIM FOR RELIEF
(RACE DISCRIMINATION/NON-SELECTION)

52. Plaintiff repeats and re-alleges each and every allegation contained herein.

53. Plaintiff has been discriminated against by the Defendant on the basis of her race in violation of Title VII in that the Defendant has unjustly and repeatedly passed the Plaintiff over for promotion opportunities for which she was best qualified in favor of individuals outside of her protected class.

### SECOND CLAIM FOR RELIEF
(RETALIATION)

54. Plaintiff repeats and re-alleges each and every allegation contained herein.

55. Plaintiff was retaliated against by Defendant on the basis of her lawful complaints regarding discriminatory treatment to which she was subjected, as stated above, in violation of Title VII.

**WHEREFORE,** the Plaintiff demands the following relief:

a. That this Court enter judgment for the Plaintiff against the Defendant for all compensatory, emotional and psychological damages, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes

of action in an amount to be determined by a jury;

b.  That this Court award the Plaintiff all costs and expenses associated with this lawsuit;

c.  That this Court award the Plaintiff all attorney fees associated with this lawsuit;

d.  That this Court award the Plaintiff interest on any and all judgments awarded in this lawsuit; and

e.  For all other relief as this Court deems meet and just.

**The Plaintiff demands a jury trial on all issues triable by a jury.**

Respectfully Submitted,
The Plaintiff,
Ama Asantewaa,
By her attorney,

_____

Marc J. Levy, Esquire
Marc J. Levy, Esquire LLC
215 Boston Post Road, Building B
Sudbury, MA 01776
Tel: 508-359-8600
Fax: 508-359-8601
Email: marclevy@marclevyesq.com
B.B.O. #644826

Dated: 09/14/20

Exhibit A



**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**NEW YORK DISTRICT**
33 Whitehall Street, New York, NY 10004-2112
Office: 929-506-5270 / Fax: 212-336-3625

| | |
|---|---|
| Ama Asantewaa,<br>  Complainant,<br><br>            v.<br><br>Robert Wilkie, Secretary,<br>Department of Veterans Affairs,<br>  Agency. | )<br>)<br>)  EEOC No. 520-2020-00462X<br>)  Agency No. 200H-0518-2019104501<br>)<br>)<br>)<br>)  Date: August 28, 2020<br>)<br>) |

## ORDER OF DISMISSAL

Based on the attached e-mail indicating that Complainant intends to file her complaint in Federal Court and no longer wishes an administrative hearing, and because at least 180 days have passed since the filing of the administrative complaint, the above referenced case is DISMISSED.  See 29 C.F.R. Sec. 1614.107 (a)(3), 1614.109 (b).

Complainant may go forward and file suit in Federal Court (federal sector cases do not require a right to sue letter).


So Ordered:

For the Commission:

*Karen M. Ortiz*

Karen M. Ortiz
Administrative Judge

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the Commission's attached <u>ORDER</u> was sent August 28, 2020, to the following:

For the COMPLAINANT:

Ama Asantewaa
Ama.asantewaa@va.gov
asntewaa99@yahoo.com

Marc Levy
marclevy@marclevyesq.com

For the AGENCY:

Creston Rice
creston.rice@va.gov

FINAL ACTION AUTHORITY

EEOCdecisionsforOEDCA@va.gov